## Moses Crabtree et al., Appellants, v. Mrs. John Sizemore et al., Appellees.

CHANCERY—*when bill of complaint properly dismissed.* If a material allegation in a bill in chancery is not sustained by the evdence, a dismissal thereof for want of equity is proper.

Bill for injunction. Appeal from the Circuit Court of Edgar county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

SHEPHERD & TROGDON, for appellants.

F. C. VAN SELLAR, for appellees; H. VAN SELLAR, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellees are the owners of the east half of the southeast quarter of section 17 and the west half of the southwest quarter of section 16, and appellants are the owners of the east half of the southwest quarter and the west half of the west half of the southeast quarter of section 16. One Barkley owns the north half of the northwest quarter of section 21. All of the above described lands are in township 14 north range 12 west in Edgar county. A public highway running east and west divides the lands owned by the appellants and the appellees from the land owned by Barkley, Barkley's land being south of said highway. The natural drainage of surface water on appellants' lands is to the south across the highway and into the east forty of Barkley's land, where the water runs into an open ditch, and the natural drainage of the surface water on the east portion of appellees' lands, adjoining the lands of appellants on the west, follows the same course. The natural drainage of surface water on the greater part of appellees' lands is to the west. In 1894 the then owner of appellants' lands and Barkley's land, by mutual agreement, laid a ten inch tile drain from Barkley's land north across the highway, and for some distance on appellants' lands, and shortly thereafter the same parties laid two lines of four inch tile drain, one on the north and one on the south side of the highway east of said ten inch tile drain and connected the same with said ten inch tile drain. In 1908 appellees laid a five inch tile drain on the south side of the highway and connected the same with the ten inch tile drain on its west side. Said five inch tile drain was extended west by appellees on the south side of the highway to a point directly south

of their lands and thence across the highway in a northwesterly direction to their lands. Appellees' connection with the ten inch tile drain was made with the consent of Barkley, but without the consent of appellants. Shortly prior to the filing of this bill by appellants for an injunction the parties met at the office of one of the solicitors for appellants for the purpose of settling their differences and avoiding litigation, and it was then agreed that the Y which connected the five inch tile drain laid by appellees with the ten inch tile drain should be removed and that said drains should not be reconnected, and further that the five inch title theretofore laid by appellees in the highway might remain there. In pursuance to such arrangement or agreement appellants removed the Y and the two tile drains have not since been reconnected. A few days thereafter one of the appellants observed that appellees were extending their five inch title drain a distance of 30 or 40 rods in a northwesterly direction from the highway, and thereupon appellants filed their bill to restrain appellees from connecting the five inch tile drain with the ten inch tile drain. The bill alleges that appellees "have attempted to and have threatened and are now threatening to connect" their five inch tile drain with the ten inch tile drain of appellants, and that said ten inch tile drain is insufficient to carry the additional water that it will be required to carry if said connection is made; that if said connection is made it will greatly impair the value of appellants' land and cause appellants irreparable injury. Appellees answered the bill denying all of its material allegations. The cause was heard by the chancellor in open court and a decree entered dismissing the bill for want of equity.

There is no scintilla of evidence in the record tending to show that since appellees' five inch tile drain was disconnected from the ten inch tile drain in pursuance to the mutual arrangement or agreement between the parties, appellees had attempted, or threatened or at the time of the filing of the bill were threating to connect said five inch tile drain with the said ten inch tile drain, and as it was essential that the allegations of the bill in that regard should be sustained by

appellants, the bill was properly dismissed, and the decree of the circuit court must be affirmed.

*Affirmed.*